IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LEON M. WILSON,                              )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )          Case Number CIV-07-767-C
                                             )
L-3 COMMUNICATIONS VERTEX,                   )
                                             )
                    Defendant.               )

## MEMORANDUM OPINION AND ORDER

Defendant filed a motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Defendant contends that Plaintiff's claims for retaliatory discharge

in violation of Title VII and Oklahoma public policy, breach of contract, and tortious breach

of contract are not viable because Plaintiff failed to exhaust his administrative remedies, he

failed to identify any breach of an enforceable contract, and he is not an at-will employee.

### BACKGROUND

Plaintiff began his employment as a helicopter mechanic with Defendant in February

2005.  At that time, the parties executed an overseas employment contract that specified that

Plaintiff would be employed outside the continental United States for a period of one year.

(Def.'s Mot., Dkt. No. 81, Ex. 3.)  The contract further provided that Defendant could

terminate Plaintiff for cause, "such as insubordination, intemperance, use of narcotics, self

injury willfully inflicted, non-compliance with Company regulations or instructions,

dishonesty, bad debts, insufficient funds check returns, misconduct, inefficiency, or if

Company is requested to remove the Employee by any Government official."  (Id.)

Plaintiff was subsequently deployed and stationed in Tikrit, Iraq.  According to Plaintiff, during this deployment, he was subjected to sexual harassment by one of his co-workers.  Plaintiff complained, both orally and in writing, to his supervisors, but contends that no action was taken.  Plaintiff later requested a transfer due to the hostile working environment, and he was subsequently sent to Kandahar, Afghanistan.  From there, Plaintiff filed a complaint with the EEOC.  Plaintiff's Notice of Right to Sue was mailed on November 20, 2006.

Plaintiff's one-year employment contract was set to expire in February 2006.  The contract provided that "[i]f, on the request or with the consent of Company, Employees [sic] continues his employment beyond the period described in paragraph one, this Agreement shall remain in effect during continuance of such service."  (Id.)  Although Plaintiff expressed a desire to continue his employment, he received no response from Defendant and therefore left the region upon expiration of his contract.

In June 2006, Defendant contacted Plaintiff about rehiring him.  He signed a second overseas employment contract on September 6, 2006, which contained the same provisions as the original contract.  Plaintiff was then deployed to Iraq.  Plaintiff filed the present lawsuit on February 14, 2007, alleging claims of sex discrimination, sexual harassment/hostile work environment, retaliation, and intentional infliction of emotional distress.  Subsequently, in April 2008,[1] Plaintiff was terminated after he was observed

---

[1] Plaintiff's second overseas employment contract was signed on September 6, 2006, and specified a duration of one year.  In late 2007, Plaintiff returned to the United States for medical

2

sleeping on a stool at his work station.  Plaintiff then filed an amended complaint on March

11, 2009, to include claims relating to his termination.

### STANDARD OF REVIEW

Whenever a party submits and the court considers matters outside the pleadings in

connection with a Rule 12(b)(6) motion, it must be converted into a motion for summary

judgment.  See Fed. R. Civ. P. 12(d); Lowe v. Town of Fairland, Okla., 143 F.3d 1378, 1381

(10th Cir. 1998).  Generally, when converting Rule 12(b)(6) motions, the parties must be

given notice and an opportunity to present all material relevant to a summary judgment

motion.  See Nichols v. United States, 796 F.2d 361, 364 (10th Cir. 1986).

> However, failure to give notice is not reversible error if a party does not attempt to
> exclude the supporting documents, but files its own sworn affidavits in response.
> Where a party has responded in kind to the movant's attempt to convert the motion,
> that party cannot later claim unfair surprise.

Id. (internal citations omitted).

Because the Court considered material other than the pleadings in reaching a decision

in the present case, Defendant's motion must be converted into one for summary judgment.

Defendant attached to its motion a variety of evidence, including Plaintiff's employment

contracts, his EEOC complaint, and deposition excerpts.  In response, Plaintiff did not

attempt to exclude the documents, but instead attached to his response deposition excerpts

and a sworn affidavit from another of Defendant's employees.  Accordingly, the Court finds

---

leave, but traveled back to Iraq in early 2008.  It appears, therefore, that Plaintiff's contract may
have been extended beyond the original one-year expiration date.

that formal notice of its intent to convert Defendant's motion into one for summary judgment is unnecessary.

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this

situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

**DISCUSSION**

*1. Plaintiff's Title VII Retaliatory Discharge Claim*

Defendant contends that Plaintiff failed to exhaust his administrative remedies with respect to his termination.  Plaintiff filed his EEOC complaint in February 2006, more than two years before he was terminated.  No subsequent complaint raising the ground of retaliatory discharge was ever filed.  It is therefore clear that Plaintiff failed to exhaust his administrative remedies.

Previously, courts in the Tenth Circuit would consider whether the non-exhausted claim was like or reasonably related to the allegations contained in the EEOC complaint. See Ingels v. Thiokol, 42 F.3d 616, 625 (10th Cir. 1994), abrogated by Martinez v. Potter, 347 F.3d 1208 (10th Cir. 2003).  The Tenth Circuit revised this in response to the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).  It is now clear that "each discrete incident of [discriminatory or retaliatory action by employers] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Martinez, 347 F.3d at 1210 (quoting Morgan, 536 U.S. at 110-13).  Termination is recognized as such a discrete act. Id.  Accordingly, because Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claim for retaliatory discharge, it must be dismissed.

Defendant contends that Plaintiff is time-barred from filing an EEOC complaint regarding his termination.  Pursuant to Title VII, an EEOC charge must be filed within 180 days after the occurrence of the unlawful employment practice.  <u>See</u> 42 U.S.C. § 2000e-5. Plaintiff was terminated on April 24, 2008.  Because more than 180 days have since passed, Plaintiff is precluded from filing a timely EEOC charge and his Title VII claim for retaliatory discharge is therefore time-barred as a matter of law.

*2.  Plaintiff's* Burk *Tort Claim*

Defendant contends that Plaintiff's <u>Burk</u> tort claim must be dismissed because he is not an at-will employee and, even if he were, he failed to exhaust his administrative remedies with respect to this claim.  Oklahoma courts have long characterized the <u>Burk</u> tort as an exception to the at-will employment doctrine.  <u>See</u> <u>Tate v. Browning-Ferris, Inc.</u>, 1992 OK 72, ¶ 9, 833 P.2d 1218, 1225; <u>Burk v. K-Mart Corp.</u>, 1989 OK 22, ¶ 17, 770 P.2d 24, 28. However, shortly after the decision in <u>Burk</u>, the Tenth Circuit permitted a "for cause" employee to maintain a <u>Burk</u> claim, reasoning that "society is equally aggrieved whether the employee is 'at will' or can be discharged only for 'just cause.'"  <u>Davies v. Am. Airlines, Inc.</u>, 971 F.2d 463, 469 (10th Cir. 1992).  The Court's reading of prior Oklahoma case law led it to conclude that Oklahoma courts were not likely to limit <u>Burk</u> to at-will employees. <u>Id.</u> at 470.

However, subsequent decisions by the Oklahoma Supreme Court indicate that a contrary conclusion is justified.  Since the Tenth Circuit's decision, the Oklahoma Supreme Court has listed a plaintiff's status as an at-will employee as one of the elements of a <u>Burk</u>

tort claim.  See Vasek v. Bd. of County Comm'rs of Noble County, 2008 OK 35, ¶ 14, 186 P.3d 928, 932.  Additionally, the Oklahoma Supreme Court has held that only at-will employees are permitted to bring Burk tort claims.  See McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67, ¶ 13, 122 P.3d 473, 476.  Accordingly, if Plaintiff is not an at-will employee, then his Burk tort claim must be dismissed.

"At-will employment means the master may hire or discharge at will and the servant may work or refuse to work at will.  The at-will employment doctrine applies to employment contracts that have no definite duration and recognizes that either the master or servant may end the employment at will."  Glasco v. State ex rel. Okla. Dep't of Corr., 2008 OK 65, ¶ 10 n.9, 188 P.3d 177, 182 n.9.  At the time Plaintiff was terminated, he was employed pursuant to an overseas employment contract that provided for a term of employment of one year. (See Def.'s Mot., Dkt. No. 81, Ex. 1.)  Although it appears that Plaintiff continued to work overseas beyond the one-year termination date, the contract specifies that, in such an event, its terms will remain in effect.  (Id.)  Based on the contract's terms, Plaintiff could therefore only be terminated for cause.  (Id.)  Accordingly, it is clear to the Court that Plaintiff does not qualify as an at-will employee.

Plaintiff contends that an alternate result should attain because the contract itself contemplates at-will employment.  First, he argues that, while the contract is for employment outside the continental United States, it further provides that it is not a guarantee of a twelve-month overseas assignment.  Second, because the contract can be extended beyond the specified period "on the request or with consent of Company," it indicates an at-will

employment contract.  Third, in discussing Plaintiff's transportation to and from overseas work sites, the contract provides that "[o]n completion of Employee's full term of service thereunder . . . or on prior determination thereof by Company for any reason other than cause, Company shall pay expenses of Employee's passage to his home of record."  None of these arguments are persuasive, however.  They in no way alter the fact that the contract is for a specified duration of one year.  Instead, they contemplate situations that are fully consistent with employment for a specified duration.

Plaintiff also contends that Defendant's "Rules of Conduct" issued to its employees indicates that Plaintiff is an at-will employee.  These rules provide that:

> Employment at L-3 Vertex is employment-at-will.  Employment-at-will means that employment may be terminated with or without cause and with or without notice at any time by either the employee or the Company.  Nothing in this Guide or in any Company document or statement shall limit the right to terminate at-will.  No manager, supervisor, or employee of the Company has any authority to enter into any agreement for employment for any specified period of time or to make any agreement for employment other than at-will.  Only the President of the Company has the authority to make any such agreement and then only in writing.

(See Dkt. No. 95, Ex. 2 at 3.)  Additionally, Linda Mandel, Defendant's Human Resources Director, testified during her deposition that the Rules of Conduct apply to all employees in the field, including Plaintiff.  (See Dkt. No. 92.)

The Court finds this argument unavailing.  Even if such information, though not part of the parties' written contract, were to be considered by the Court, it would not mandate a different result.  The Rules of Conduct state, when discussing the standards of conduct applicable to Defendant's employees:  "The contents of this Disciplinary Action Guide are

8

presented as a matter of information only and do not describe the conditions of employment." (See Dkt. No. 95, Ex. 2 at 3.)  In addition, the rules state: "This Disciplinary Action Guide does not necessarily apply to employees governed by a Collective Bargaining Agreement (CBA) and/or special contract provisions.   For those employees, discipline will be administered in accordance with this Disciplinary Guide or the applicable CBA/contract if stated otherwise."  (Id.)  It is clear, therefore, that employment with Defendant could be at-will, or it could be pursuant to a collective bargaining agreement or some other type of contract.

Oklahoma courts have found that employee handbooks can constitute implied contracts if the following four requirements exist: "(1) competent parties; (2) consent; (3) a legal object; and (4) consideration."  Gilmore v. Enogex, Inc., 1994 OK 76, ¶ 23, 878 P.2d 360, 368.  Plaintiff has not demonstrated, nor can the Court discern, any consideration flowing from Plaintiff to support the argument that the Rules of Conduct constitute an implied contract.  Accordingly, the Court finds that Plaintiff was not an at-will employee. As a result, his Burk tort claim must be dismissed.[2]

*3.  Plaintiff's Breach of Contract Claim*

Plaintiff contends that Defendant breached his original overseas employment contract when it failed to continue to employ him beyond the one-year termination date as he had

---

[2]  Because Plaintiff's status as a contract employee is dispositive, the Court declines to address Defendant's argument that Plaintiff failed to exhaust his administrative remedies with respect to his Burk tort claim.

requested.  According to Plaintiff, Defendant "was required to employ [him] in a manner that adhered to state and federal employment law and that would allow him to continue working as long there was work available and the parties agreed."  (See Pl.'s Resp., Dkt. No. 91, at 15.)

According to the terms of Plaintiff's contract, "[i]f, on the request or with the consent of Company, Employees [sic] continues his employment beyond the period described in paragraph one, this Agreement shall remain in effect during continuance of such service." (See Def.'s Mot., Dkt. No. 81, Ex. 1.)  This language indicates that Plaintiff did not have a right to continued employment.  Rather, his contract could be extended beyond the specified duration, but it would be on Defendant's request or with Defendant's consent.  Here, Plaintiff requested that his service continue, and Defendant apparently did not agree.  This in no way constitutes a breach of Plaintiff's overseas employment contract.  Accordingly, this claim must be dismissed.

### 4.  Plaintiff's Tortious Breach of Contract Claim

This claim arises out of the same incident as does Plaintiff's breach of contract claim. When a claim for tortious breach of an employment contract is brought, "recovery is allowed for the bad faith breach of the employment contract only upon a showing of some 'intent to wrongfully deprive [a contracting party] of the fruits of his contract.'"  Robinson v. Southerland, 2005 OK CIV APP 80, ¶ 38, 123 P.3d 35, 44 (quoting Hall v. Farmers Ins. Exch., 1985 OK 40, ¶ 18, 713 P.2d 1027, 1030).  As noted above, Plaintiff did not have a

contractual right to continued employment beyond the specified one-year period. Accordingly, Plaintiff's claim for tortious breach of contract must be dismissed.

## CONCLUSION

For the reasons stated herein, Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint (Dkt. No. 81), having been construed as a motion for partial summary judgment, is GRANTED.  Defendant is entitled to judgment on Plaintiff's claims for retaliatory discharge in violation of Title VII and Oklahoma public policy (Count III) and Plaintiff's claims for breach of contract and tortious breach of contract (Count IV).  A judgment will enter at the conclusion of the case.

IT IS SO ORDERED this 4th day of June, 2009.


ROBIN J. CAUTHRON
United States District Judge